IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINGINHO POWELL,<br>    Plaintiff,<br><br>    v.<br><br>WEST ASSET MANAGEMENT, INC.,<br>    Defendant. | )<br>)   1:10-cv-7852<br>)<br>)<br>)<br>)<br>)<br>)<br>)   JURY DEMANDED<br>) |

## COMPLAINT

1. Plaintiff Dominginho Powell brings this action to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The defendant debt collection agency West Asset Management, Inc. ("West" or "defendant") called plaintiff upwards of 25 times using an automatic voice dialing system and prerecorded voice message, sometimes multiple times per day. Powell has no relationship with West.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over the TCPA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

4. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

5. Plaintiff is an individual who resides in this District.

6. West Asset Management, Inc. is a debt collection agency that does business in this District. Its registered agent is Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield, IL. Its headquarters are in Marietta, Georgia.

**STATEMENT OF FACTS**

7. The TCPA prohibits the use of "automatic telephone dialing systems" to call cellular telephones. The Federal Communications Commission ("FCC") has held that any telephone system that has "the capacity to dial numbers without human intervention" falls within the prohibition in 47 U.S.C. § 227(b). *In re Rules and Regulations Implementing the TCPA*, GC Docket 02-279, ¶ 13 (January 4, 2008).

8. For purposes of this complaint, the term "Dialer" refers to a system that has the capacity to dial numbers without human intervention. In other words, the Dialer, rather than a human being, dials the telephone numbers.

9. One of West's Dialers is a system called "Guaranteed Contacts."

10. Upon information and belief, most of the telephone calls made through West's Guaranteed Contacts Dialers are made as part of a dialing campaign. This means that a representative of West selects a group of persons or accounts to call based upon certain criteria.

11. The Dialer(s) then intelligently decide when a debt collection call will likely be effective to collect a debt for a particular debtor/number (for example, when the debtor is likely near her telephone), and dials the telephone numbers according to this determination.

12. When someone answers a call made during a campaign, either the call is forwarded to an operator (likely to happen if there is an operator available), or a prerecorded message is played.

13. West called plaintiff's cell phone number ending in 7272 at least twenty five times in 2010, using its Dialer.

14. Plaintiff has no relationship with West.

15. Upon information and belief, West was attempting to collect a debt alleged owed by a person named Charmaine Hunter, to AT&T, account number ending in 5555. Plaintiff has never had any relationship with AT&T with respect to any account with the number ending in 5555.

16. At no time did West have plaintiff's prior express consent to call plaintiff on his cell phone using an automatic telephone dialing system or prerecorded voice message.

17. West cannot show that it had plaintiff's consent to call the 7272 phone number, which is plaintiff's cell phone.

18. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 07/12/10 at 5:48 pm.

19. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 07/14/10 at 12:29 pm.

20. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 07/14/10 at 3:30 pm.

21. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 07/16/10 at 9:11.

22. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 07/16/10 at 12:12 pm.

23. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 07/16/10 at 3:34 pm.

24. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 07/16/10 at 3:34 pm.

25. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 07/24/10 at 9:S6.

26. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/03/10 at 12:18 pm.

27. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/03/10 at 7:33 pm.

28. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/09/10 at 11:58.

29. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/11/10 at 2:38 pm.

30. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/17/10 at 11:05.

31. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/17/10 at 8:50 pm.

32. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/21/10 at 10:19.

33. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/23/10 at 5:16 pm.

34. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/23/10 at 8:23 pm.

35. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/25/10 at 12:50 pm.

36. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 08/27/10 at 11:19.

37. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 09/01/10 at 12:21 pm.

38. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 09/02/10 at 2:0S pm.

39. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 09/02/10 at 5:07 pm.

40. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 09/04/10 at 1:35 pm.

41. West called plaintiff at the 7272 phone number using its Guaranteed Contacts Dialer on 09/07/10 at 8:S0 pm.

42. Upon information and belief, based upon the fact that West uses or used a "scrub" service to determine whether phone numbers are cell phone numbers, West knew it was calling a cellular telephone.

## Count I - TCPA - Strict Liability

43. Plaintiff incorporates all previous paragraphs.

44. West violated the TCPA by calling plaintiff on his cell phone using an automatic telephone dialing system and/or prerecorded or automatic voice messages.

45. Plaintiff seeks statutory damages of $500 per violation.

46. Additionally, plaintiff seeks treble damages, up to $1,500 per violation.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

    (a) Statutory damages of $500 per violation, and up to $1,500 per violation if defendant's conduct is found to have been willful;

    (b) a permanent injunction prohibiting defendant from violating the TCPA in the future through calling plaintiff's cellular phone using an automatic telephone dialing system and/or a prerecorded voice message;

    (c) Costs of suit;

    (d) Any other relief the court deems proper.

## **Count II – FDCPA**

47. Plaintiff incorporates all previous paragraphs 1-28 of this complaint.

48. Defendant violated the FDCPA, including 15 U.S.C. § 1692d(5), by calling plaintiff so many times, when defendant should have known that it was calling the wrong person.

49. Further, each violation of the TCPA is a violation of the FDCPA, because making such calls constitutes a statement that the defendant is legally entitled to do something, when it is not.

50. WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

    a. Statutory damages;

    b. Attorney's fees and costs of suit;

    c. Any other relief the Court deems fit.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

### JURY DEMAND

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke