IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINGINHO POWELL,<br>    Plaintiff,<br><br>    v.<br><br>WEST ASSET MANAGEMENT, INC.,<br>    Defendant. | )<br>)  1:10-cv-7852<br>)<br>)<br>)  Judge Darrah<br>)<br>)<br>)<br>)  JURY DEMANDED<br>) |

## MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

Plaintiff Dominginho Powell respectfully requests that this Court strike defendant's third affirmative defense, "failure to mitigate" because that defense is not available under the TCPA, and strike the fourth affirmative defense, "bona fide error" under the FDCPA for failure to comport with the requirements of Fed.R.Civ.P. 9(b), when pleading allegations of mistake.

In support of this motion, plaintiff states:

1. This is a Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and Telephone Consumer Protection Act, 47 U.S.C. §227(b) case.

2. The defendant debt collection agency West Asset Management, Inc. called plaintiff upwards of 25 times using an automatic voice dialing system and prerecorded voice message, sometimes multiple times per day. These calls allegedly violated the TCPA, which proscribes using such sophisticated "predictive dialer" equipment to call anyone's cell phone without "prior express consent" of the called party. Powell has no relationship with West, and never provided any consent to be called. Plaintiff alleges that the same conduct that violated the TCPA violated the FDCPA, too.

3. West's third affirmative defense, "failure to mitigate" and its fourth affirmative defense "bona fide error" should be stricken. Failure to mitigate is an affirmative defense that is not available under the TCPA, and defendant's recitation of the statutory language in the FDCPA relating to the "bona fide error" defense is insufficient pursuant to Fed.R.Civ.P. 9(b), which requires allegations of "mistake" to be pleaded with specificity.

4. **"Failure to Mitigate" is unavailable to defendant**. West's third affirmative defense asserts that plaintiff's TCPA claims are barred by the defense "failure to mitigate." The defense states:

> Though denying that plaintiff has sustained any damages, to the extent plaintiff can establish that she has sustained any damages, plaintiff has failed to mitigate those damages by either answering one of West's calls, or by returning West's calls to advise West that they were allegedly calling the wrong party.

This defense cannot stand as a matter of law.

5. As judge Gettleman recently held in a junk fax TCPA case brought under the same subsection, such an assertion is "Nonsense. Mitigation of damages is not a defense under the TCPA, and each instance of a violation is independently actionable." *Holtzman v. Turza*, 2010 WL 4177150, at *5 (N.D.Ill. Oct. 5, 2010).

6. Under the statutory construction doctrine, *unius est exclusio*, Congress' creation of the "prior express consent" affirmative defense, and no other, within the TCPA creates a strong presumption that this statutory exception was included to the exclusion of any other possible affirmative defenses. *Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."); cf. *Astoria Fed. Savings & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991) ("the courts may take it as given that Congress has legislated with an expectation that the principle apply except when the statutory

2

purpose to the contrary is evident"). *see generally, Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007).

7. There is no basis in the TCPA or anywhere else to permit West to assert this affirmative defense, and it should be stricken in its entirety.

8. **"Bona Fide Errors" must be pleaded with particularly**. West's second affirmative defense is purportedly brought pursuant to the FDCPA 15 U.S.C. §1692k(c):

> Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation is established and in the event West is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violations was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

This "affirmative defense" merely parrots the language of the statute itself, and is insufficient under Fed.R.Civ.P.9(b).

9. Fed.R.Civ.P. 9(b) states:

> In alleging fraud or <u>mistake</u>, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." [Emphasis added.]

10. For all averments of fraud or mistake, the circumstances constituting fraud or mistake "must" be stated with particularity. Leather*man v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); Fed.R.Civ.P. 9(b); *Wellman, Inc. v. Teijin Ltd.*, 2006 WL 2253081 (E.D.Wis. Aug. 04, 2006).

11. "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

3

12. One of the purposes of Rule 9(b) is to discourage the filing of complaints with vague conclusions "as a pretext for discovery of unknown wrongs." *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989). This reasoning applies with equal weight to defendant's conclusory affirmative defense. It states none of the requisite whos, whats, whens, wheres and hows, and should be stricken.

13. The Seventh Circuit has limited the "bona fide error" affirmative defense, 15 U.S.C. § 1692k(c), to situations where there has been a "genuine mistake" rather than a "contrived mistake." *Kort v. Diversified Collection Servs.*, 394 F.3d 530, 538 (7th Cir. 2005). Merely parroting the language of the statute cannot possibly be sufficient under this standard. The defense, as pleaded, provides no insight at all as to what the defense, if any, will be.

14. Indeed, reciting a statute does not even meet the new standard for pleading pursuant to Rule 8 set forth in the *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) discussed infra. Venue is proper because a substantial portion of the events complained of occurred in this District.

15. Because the case has just begun, plaintiff believes that would be proper to permit defendant to replead the bona fide error defense so that it comports with Rule 9(b) and *Twombly/Iqbal*. The "failure to mitigate" defense is unavailable completely, and should be stricken with prejudice.

WHEREFORE, plaintiff respectfully requests that this Court strike defendant's third affirmative defense, "failure to mitigate" because that defense is not available under the FDCPA or the TCPA, and strike the fourth affirmative defense, "bona fide error" under the FDCPA for

failure to comport with the requirements of Fed.R.Civ.P. 9(b), when pleading allegations of mistake.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com