

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINGINHO POWELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-7852 |
| WEST ASSET MANAGEMENT, INC., | ) Judge John W. Darrah |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dominginho Powell, filed suit against Defendant, West Asset Management, Inc., alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* (Count I), and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Count II). The case comes before the Court on Plaintiff's Motion to Strike Defendant's second affirmative defense to the FDCPA claim, "bona fide error," and third affirmative defense to the TCPA claim, "failure to mitigate." Plaintiff's Motion to Strike Defendant's second[1] affirmative defense, however, is moot as Defendant has represented to the Court in its response brief that the parties have settled the FDCPA claim. Pl.'s Resp. at 2, n.1. Therefore,

---

[1] Plaintiff has moved to strike Defendant's "fourth" affirmative defense of "bona fide error." Plaintiff presumably meant to refer to Defendant's second affirmative defense.

Plaintiff's motion to strike with respect to Defendant's second affirmative defense to the FDCPA claim need not be addressed.

## BACKGROUND

The following facts are drawn from Plaintiff's Complaint and are accepted as true for purposes of the Motion to Strike. Defendant is a debt collection agency. Compl. ¶ 6. Beginning in July 2010, Defendant attempted to collect a debt allegedly owed by a person named Charmaine Hunter to AT&T, with respect to an account ending in the numbers 5555. *Id.* ¶ 15. Plaintiff has never had any relationship with AT&T with respect to an account ending in the numbers 5555. *Id.* Without Plaintiff's consent, Defendant called Plaintiff on his cellular phone twenty-five times between July 12, 2010 and September 7, 2010, in an attempt to collect Ms. Hunter's debt. *Id.* ¶ 16-41. Defendant uses a system called "Guaranteed Contacts," which has the capacity to dial numbers automatically, *e.g.*, without requiring a human to dial a number. *Id.* ¶ 9-19. Defendant used its "Guaranteed Contacts" system to call Plaintiff on his cellular phone in the twenty-five instances at issue. *Id.* ¶ 18-41.

In his Complaint, Plaintiff alleges that Defendant violated the TCPA by calling Plaintiff on his cell phone using an automatic telephone dialing system and/or prerecorded or automatic voice messages. The TCPA prohibits the use of "automatic telephone dialing systems or an artificial or prerecorded voice" to call cellular telephones. As an affirmative defense to Plaintiff's TCPA claim, Defendant pleads "to the extent [P]laintiff can establish that [he] has sustained any damages, [P]laintiff has failed to

2

mitigate those damages by either answering one of West's calls, or by returning West's calls to advise West that they were allegedly calling the wrong party." Answer at 13.

## LEGAL STANDARD

Under Rule 12(f), a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because of their potential to cause delay; however, they will be granted where they serve to remove affirmative defenses that only add "unnecessary clutter" to a case. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

"Courts apply a three-part test in examining the sufficiency of affirmative defenses under Rule 12(f): (1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *Rudzinski v. Metro. Life Ins. Co.*, No. 05 C 0474, 2007 WL 2973830, at *1 (N.D. Ill. Oct. 4, 2007).

## ANALYSIS

The TCPA prohibits making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA creates a private right of action in which a person may bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such

violation, whichever is greater." *Id.* at § 227(b)(3)(B). Plaintiff alleges that each of the twenty-five calls placed by Defendant to Plaintiff's cellular phone number violates Section 227(b) of the TCPA, and Plaintiff seeks statutory damages of $500 per violation. As an affirmative defense to Plaintiff's TCPA claim, Defendant pleads "to the extent Plaintiff has sustained any damages, [P]laintiff has failed to mitigate those damages by either answering one of West's calls, or by returning West's calls to advise West that they were allegedly calling the wrong party." Answer at 13.

Plaintiff argues that Defendant's failure-to-mitigate affirmative defense is legally insufficient. The parties do not dispute that Defendant has adequately pleaded its affirmative defense or that its affirmative defense complies with Fed. R. Civ. P. 8 and 9. Therefore, the issue before the Court is whether Defendant's third affirmative defense is sufficient as a matter of law.

Defendant argues that the failure-to-mitigate defense under Illinois law applies to Plaintiff's TCPA claim. However, Defendant cites no authority to support its assertion. Nor has Defendant established under Section 227(b) that Plaintiff has a duty to mitigate his damages. The TCPA does not expressly include a duty of callees to mitigate the statutorily-prescribed damages by answering or returning telephone calls received from automatic dialing machines and informing the calling entity that it has the incorrect number. *Compare* 47 U.S.C. § 227(c)(5)(C) (establishing "an affirmative defense in any action brought under [paragraph c] that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.").

4

Furthermore, in a March 2000 Enforcement Action Letter, the Federal Communications Commission ("FCC") indicated that the TCPA does not impose a duty to mitigate with respect to the receipt of unsolicited faxes:

> Some of the unsolicited facsimile advertisements provide consumers with telephone numbers to call to express their desire not to participate in any future polls and/or to be removed from the entities' distribution list(s). Faxing even one advertisement, however, constitutes a violation of the TCPA and the Commission's Rules if the sender does not have an established business relationship with the recipient and/or the recipient's prior express consent to receive the fax advertisement. Accordingly, recipients of unsolicited facsimile advertisements are not required to ask that senders stop transmitting such materials.

*See* FCC, *In re 21st Century Fax(es), Ltd.*, Enforcement Action Letter, Case No. EB-00-TC-001 (March 8, 2000). While the FCC Enforcement Action Letter concerns unsolicited faxes, covered under Section 227(b)(1)(C), and not unsolicited telephone calls covered under Section 227(b)(1)(A), it is equally persuasive given the similarity of the statutory provisions.

In addition, courts that have considered whether a plaintiff has a duty to mitigate damages under Section 227 of the TCPA have found there is no such duty. *See Holtzman v. Turza*, No. 08 C 2014, 2010 WL 3076258, at *5 (N.D. Ill. Oct. 29, 2010); *Fillichio v. M.R.S. Ass'ns, Inc.*, No. 09-612629-CIV, 2010 WL 4261442, at *5 (S.D. Fla. Oct. 19, 2010); *State ex rel. Charvat v. Frye*, 868 N.E.2d 270, 275 (Ohio 2007); *Manuf. Auto Leasing, Inc., v. Autoflex Leasing, Inc.*, 139 S.W.3d 342, 347 (Tex. Ct. App. 2004); *Onsite Computer Consulting Svs., Inc., v. Dartek Computer Supply Corp.*, No. 05AC-000108 I CV, 2006 WL 2771640, at *4 (Mo. Ct. App. May 17, 2006); *Jemiola v. XYZ Corp.*, 802 N.E.2d 745, 750 (Ohio Misc. 2003).

Defendant's citation of the Supreme Court's grant of a writ of *certiorari* in *Holston v. Gatco*, 130 S.Ct. 1575 (2010) (Holston), to support its argument is unpersuasive. Resp. at 5. In *Holston*, the Court merely granted the petition for *certiorari*, vacated the judgment and remanded the case to the Second Circuit. *Holston*, 130 S.Ct. 1575. The grant of *certiorari* and its accompanying concurring and dissenting opinions are not authoritative. Even if they were, there is nothing in *Holston* to support Defendant's argument that a mitigation defense should be applied to TCPA claims.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Strike Defendant's third affirmative defense is GRANTED.

Date: March 24, 2011

JOHN W. DARRAH
United States District Court Judge