IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINGINHO POWELL,<br>    Plaintiff,<br><br>    v.<br><br>WEST ASSET MANAGEMENT, INC.,<br>    Defendant. | )<br>)   1:10-cv-7852<br>)<br>)<br>)   Judge Darrah<br>)<br>)<br>)<br>)   JURY DEMANDED<br>) |

**<u>PLAINTIFF'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT</u>**

The TCPA makes it illegal to call a person on their cellular telephone using an automatic telephone dialing system, or a prerecorded or artificial voice message. 47 U.S.C. § 227(b)(1)(A)(iii). The defendant West Asset Management, Inc. ("West"), a debt collection agency, called plaintiff on his cell phone twenty-five times, and left one prerecorded debt collection message.

West admits that it did not have plaintiff's consent to make these calls.[1]

These violations were willful. The undisputed evidence shows that West intended to dial the phone number it dialed, with its dialer, and that it intended to use its prerecorded message, too. There are no disputed facts in this case. Plaintiff therefore moves for summary judgment as to liability and willfulness for his TCPA claims.

---

[1] West is expected to argue that the calls to plaintiff were "wrong number" calls, and that the party West intended to call, rather than plaintiff (the actual recipient) has "standing" to sue; an argument that has been rejected at least three times: *Soppet v. Enhanced Recovery Co.*, No. 1:10 C 5469, 2011 WL 3704681(N.D.Ill. Aug 21, 2011) (Kennelly, J.); *D.G. ex rel Tang v. William W. Siegel & Assocs.*, No. 1:11 C 599, 2011 WL 2356390, at *2 (N.D. Ill. June 14, 2011) (Kocoras, J.); *Tang v. Medical Recovery Specialists, LLC*, No. 11 C 2109, slip op. at 3 (N.D. Ill. July 7, 2011). If raised by West, plaintiff expects this argument to present legal disputes, only.

I. **Statement of Fact**

West Asset Management, Inc. is a debt collection agency that has no relationship with plaintiff. SMF 1. Plaintiff is an individual who resides in Chicago, Illinois, and his cellular telephone number is 773-xxx-7272. SMF 2.

West called plaintiff's 7272 cellular telephone twenty-five times within four years of the filing of this complaint. SMF 3. Each of the twenty-five calls were dialed by West's Ontario Systems, Guaranteed Contacts ("GC") dialer. SMF 4. The GC dialer is capable of dialing telephone numbers without human intervention, and each of the twenty-five calls to plaintiff was dialed by the GC Dialer, and not by a human being. SMF 5.

West left one prerecorded messages for plaintiff on his cellular telephone, each within four years of the filing of this complaint. SMF 6. This message was recorded ahead of time, and played automatically when West's Guaranteed Contacts dialer believed someone or something had answered plaintiff's phone. SMF 7.

Whenever West uses its dialers and recorded messages, it intends to make such calls, and the calls to the 7272 number were intentional, too. SMF 8. West is not aware of any evidence that might suggest that Domingonho Powell provided "prior express consent" to be called on his cell phone, 773-xxx-7272. SMF 9.

This Court has federal question subject matter jurisdiction because this case is brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq., which us a federal law. SMF 10. Venue is proper because plaintiff resides in this District, and received defendant's illegal calls while within this District. SMF 11.

I. **Summary Judgment Standard**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Pugh v. City of Attica, Ind., 259 F.3d 619, 625 (7th Cir.2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. Payne v. Pauley, 337 F.3d 767, 773 (7th Cir.2003) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 437 (7th Cir.2000). I consider the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in the nonmovant's favor. Lesch v. Crown Cork & Seal Co., 282 F.3d 467, 471 (7th Cir.2002). I will accept the nonmoving party's version of any disputed fact only if it is supported by relevant, admissible evidence. Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir.1996).

II. **The TCPA.**

In passing the TCPA, Congress acted to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers." S.Rep. No. 102-178, at 1 (1991) as reprinted in 1991 U.S.C.C.A.N. 1968; see *Satterfield v. Simon & Schuster*, 569 F.3d 946, 954 (9th Cir. 2009). As the Ninth Circuit explained in *Satterfield*:

> The TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls. The consumers complained that such calls are a "nuisance and an invasion of privacy." The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of ATDSs to communicate with others by telephone in a manner that would be an invasion of privacy. We hold that a voice message or a text message are not distinguishable in terms of being an invasion of privacy. *Satterfield*, 569 F.3d at 954 (citations omitted).

Additionally, pursuant to the statute, the Federal Communications Commission ("FCC") has prescribed various regulations implementing TCPA requirements, which are codified at 47 CFR § 64.1200.

The TCPA provides a private right of action based on violations of subsection (b), or the regulations prescribed under that subsection, to recover either the actual monetary loss from such violations or statutory damages of $500 for each violation, whichever is greater. 47 U.S.C. § 227(b)(3). Courts may treble the amount of damages awarded if the court finds that the defendant's violations were committed "willfully or knowingly". *Id*. Plaintiff seeks statutory damages, only, because the minimum statutory damages exceeds any actual damages she may have.

**A. West's Twenty Five Calls to Plaintiff's Cellular Telephone were Made with an Automatic Telephone Dialing System in Violation of the TCPA.**

The TCPA, 47 U.S.C. §227(b)(1)(A)(iii) provides:

(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

>   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>   \*\*\*
>   >   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A).

Similar to the statute, the TCPA regulations prohibit autodialed and prerecorded calls to cellular telephones:

>   (a) No person or entity may:
>
>   >   (1) Initiate any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;
>   >
>   >   (iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 C.F.R. §64.1200(a)(1)(iii). There is no question of fact here: West admits that it called plaintiff on his cell phone Twenty-Five times using its GC dialer. SMF 2 & 3.

West also admits that its GC dialers are capable of dialing telephone numbers without human intervention, and that each of the calls to plaintiff were actually "dialed" by the telephone system, rather than by a human being. SMF 4 & 5.

5

The FCC has held that any telephone system that has the "the capacity to dial numbers without human intervention" falls within the prohibitions in the TCPA. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling*, FCC 07-232, GC Docket No. 02-278, 23 FCC Rcd. 559, available at 2008 WL 65485, at ¶ 13 (Dec. 28, 2007); *Griffith v. Consumer Portfolio Services, Inc.*, No 10-cv-2697, 2011 WL 3609012 (Aug. 16, 2011) (Grady, J.); *Sengenberger v. Credit Control Servs., Inc.*, 2010 WL 1791270, *4 (N.D. Ill. May 5, 2010), *Hicks v. Client Services, Inc.*, 2009 WL 2365637, at *4-5 (S.D.Fla. June 9, 2009).

There is no issue of material fact: West used an "automatic telephone dialing system" to call plaintiff's cell phone twenty-five times. Summary judgment should be entered in plaintiff's favor as to this issue.

**B. West's "Recorded Messages" used an "artificial or prerecorded voice" within the meaning of the TCPA.**

The TCPA not only prohibits the making of autodialed calls, but also prohibits the use of a "prerecorded or artificial voice" in any message during a telephone call. 47 U.S.C. §227(b)(1)(A); 47 C.F.R. §64.1200(a)(1). Both Congress and the FCC used the word, "or" between the two phrases: "automatic telephone dialing system <u>or</u> artificial or prerecorded voice." Emphasis added. Thus, either use of the proscribed equipment, or the proscribed recording, constitutes a violation, independently of the other.

The TCPA does not define "artificial" or "prerecorded." The Concise Oxford English Dictionary 11th ed (2008) defines rerecorded:

6

> **pre-record: record (sound or film) in advance.** [2]

Merriam-Webster's Collegiate Dictionary 11th ed. (2003) defines the prefix "Pre" as:

> **pre:** *prefix…* **a (1) : earlier than : prior to : before … (2) : preparatory or prerequisite to**

And defines record as:

> **a (1) : to set down in writing : furnish written evidence of (2) : to deposit an authentic official copy of <record a deed>**
>
> **b : to state for or as if for the record <voted in favor but recorded certain reservations>**
>
> **c (1) : to register permanently by mechanical means <earthquake shocks recorded by a seismograph> (2) : indicate, read <the thermometer recorded 90°>**
>
> **2 : to give evidence of**
>
> **3 : to cause (as sound, visual images, or data) to be registered on something (as a disc or magnetic tape) in reproducible form**

It is clear that Congress and the FCC intended to limit the use of recordings that had been created, or "recorded", prior to the particular telephone call in question.[3] That is precisely what West did. The one message West used as to plaintiff was recorded beforehand, and then played when plaintiff or his voice mail picked up. SMF 6 & 7.

The Court should issue summary judgment in plaintiff's favor, and against West, on the issue of whether the "prerecorded message" West left for plaintiff violated the TCPA.

---

[2] Technical terms and pronunciations have been omitted from these definitions.

[3] Other communications were regulated, too, such as text messages. *Satterfield*, 569 F.3d at 954; *Lozano v. Twentieth Century Fox Film Corp.*, 702 F.Supp.2d 999 (N.D.Ill., 2010).

### C. West's TCPA violations were "willful."

Finally, West's violations of the TCPA were "willful" within the meaning of the statute. "Willful" in the TCPA means that the defendant intended to make the calls, only. *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270 (N.D.Ill. May 05, 2010); *reconsideration denied*, 2010 WL 6373008 (June 17, 2010); 47 U.S.C. §312(f).

It is undisputed that West intended to place the calls that it did. SMF 8. It has two predictive dialers, and regularly uses prerecorded messages, in order to make its debt collection efforts more efficient.

### **CONCLUSION**

There are no disputed material facts: West called plaintiff's cellular telephone twenty-five times using an automatic telephone dialing system, and once using a prerecorded voice, and intended to make such calls.

For the forgoing reasons, the Court should enter summary judgment for plaintiff as to his TCPA claims.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com