IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINGINHO POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Darrah |
| | ) | |
| -vs- | ) | Case No.: 1:10-cv-07852 |
| | ) | |
| WEST ASSET MANAGEMENT, INC., | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF
CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant, West Asset Management, Inc. ("West"), submits this reply in support of its Cross Motion for Summary Judgment and in response to the opposition filed by plaintiff, Dominginho Powell. The Court should dismiss plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

The issues have been thoroughly briefed. West adds the following in addition to what has already been presented:

*A. West's Calls Were Made With Consent*

Plaintiff improperly confuses the standing issue with the consent defense. West recognizes Judge Kocoras recently ruled:

> The TCPA uses the term "called party" when setting forth an exception and states that a person does not violate the TCPA if the call is made with the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). *Significantly, the term "called party" is only used in the exception to the statute and does not define who may sue under the statute.* Thus, Plaintiff need not be a "called party" to assert a TCPA claim.

*D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, 791

1

F.Supp.2d 622, 625 (N.D. Ill. 2011) (emphasis added). To be sure, Judge Kocoras' ruling does *not* relate to the consent defense. Even if plaintiff has standing to assert his TCPA claims, the consent defense applies to defeat liability here.

A cell phone call does *not* violate the TCPA if the call is "made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). Ignoring applicable and controlling rules from the Federal Communications Commission ("FCC") and relying on *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681 (N.D. Ill. 2011), plaintiff continues to argue the phrase "called party" in § 227(b)(1)(A) means "actual recipient" of the call.[1] According to plaintiff, the TCPA consent defense is inapplicable, unless the caller can establish the "actual recipient" of the call consented to receive the call. If the Court accepted plaintiff's interpretation of the TCPA consent defense, a wide-range of governmental agencies and businesses would face significant TCPA liability *even when they intend to comply with the law in good faith*. This is so because a caller will never know when a number will be "recycled" and given to someone else, or a call will be answered by someone other than the intended recipient of the call. Simply stated, the TCPA consent defense cannot be based upon the happenstance of who answers the call. The TCPA consent defense should *not* depend on whether a relative, neighbor, or other unintended recipient answers the call. Interpreting the phrase "called party" in § 227(b)(1)(A) as "intended recipient of the call" resolves the practical problem of "recycled" cell phone numbers and unintended recipients and addresses the public policy

---

[1] Except for *Soppet*, all of the cases plaintiff cites are inapposite and do *not* relate to the consent defense; instead, they relate to whether the plaintiff has standing—a separate and distinct issue.

concerns expressed in the jurisprudence regarding prevention of good faith violations of the law. Most importantly, such an interpretation of the TCPA consent defense is in accord with the 2008 FCC order.

Further, plaintiff's reliance on *Soppet* is improper. *Soppet* is not controlling. After denying the defendant's summary judgment motion in *Soppet*, Judge Kennelly granted the defendant's petition to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), concluding "reasonable minds could differ" regarding whether there was consent for making the calls. *See Soppet v. Enhanced Recovery Co.*, Case No. 1:10-cv-05469 (Sept. 27, 2011). **On December 8, 2011, the Seventh Circuit granted the petition for leave to appeal**. Currently, the matter and issue remains before the Seventh Circuit for briefing.

The undisputed record evidence establishes West had consent to call telephone number 773-xxx-7272 (the "7272 number"). AT&T, Inc. ("AT&T") retained West to collect a debt owed by Sharmaine Hunter to AT&T relating to residential, landline telephone service provided by AT&T to Ms. Hunter.[2] On January 6, 2010, when Ms. Hunter opened her account with AT&T, she provided the 7272 number as a contact number at which she could be called.[3] When AT&T placed the account with West for collection on July 8, 2010 (only 7 months after Ms. Hunter provided the 7272 number to AT&T), AT&T identified the 7272 number as a contact number at which Ms. Hunter

---

[2] Docket No. 24-1, Exhibit A, Affidavit of M. Fournier, at ¶¶ 3-6.
[3] *Id.* at ¶¶ 3-4.

3

could be called.[4] In an attempt to reach Ms. Hunter, West called the 7272 number.[5] None of West's calls to the 7272 number were answered.[6] Plaintiff was *not* the intended recipient of West's calls.[7] All of West's calls to the 7272 number were intended for and directed to Ms. Hunter;[8] ***plaintiff admits these undisputed facts***.[9]

In light of these undisputed facts, Ms. Hunter is the "called party" for purposes of analyzing the consent defense. Considering Ms. Hunter provided the 7272 number to AT&T (the creditor) as a contact number on her account, West had consent to call the number on behalf of AT&T. As the FCC has ruled, "autodialed and prerecorded message calls *to wireless numbers provided by the called party* in connection with an existing debt are made with the 'prior express consent' *of the called party*[.]" *In re TCPA*, 23 FCC Rcd. 559, 564 at ¶ 9 (emphasis added). Further, the consent (*which is tied to the 7272 number called*) was never withdrawn or revoked *by anyone* prior to West making the calls; plaintiff never requested in writing or verbally that West stop calling the 7272 number.[10] The Court should deny plaintiff's summary judgment motion and grant West's

---

[4] Id. at ¶ 6.
[5] Docket No. 24-4, Exhibit D, Deposition of J. Jensen, at p. 40, lns. 19-22.
[6] Docket No. 24-2, Exhibit B, Affidavit of J. Jensen, at ¶ 9.
[7] Docket No. 24-4, Exhibit D, J. Jensen Depo., at p. 40, lns. 19-22.
[8] Id.; Docket No. 24-3, Exhibit C, Deposition of D. Powell, at p. 13, lns. 4-11.
[9] Docket No. 29, at pp. 2-3, Response to No. 18 & Response to No. 19.
[10] Docket No. 24-3, Exhibit C, D. Powell Depo., at p. 35, lns. 7-11, p. 40, lns. 17-19, & p. 41, lns. 3-8. In his response to West's statement of facts, plaintiff's counsel objects to West's reliance upon a recording of a July 12, 2010 conversation between plaintiff and a West representative. Docket No. 29, at pp. 4-7. *According to plaintiff's counsel*, the deposition testimony relating to the recording should be stricken because the recording was surreptitiously obtained. Opposing counsel's request should be rejected for two reasons. First, the recording was ***not*** surreptitiously obtained. When plaintiff called West on July 12, 2010, a pre-recorded message instructed him the call may be recorded. Second, to the extent plaintiff seeks to strike evidence, then the proper procedure is to file a motion, not merely raise an unsubstantiated argument in a response to statement of facts.

cross summary judgment motion.[11]

### B. *West Did Not Call Plaintiff With An "Artificial Or Prerecorded Voice"*

Plaintiff requests the Court enter judgment in his favor for the alleged "prerecorded message" West left on his voicemail.[12] Plaintiff misunderstands the TCPA.

Throughout his opposition, plaintiff uses the phrase "prerecorded message." The TCPA does not restrict the use of a "prerecorded message;" instead, the TCPA restricts the use of an "artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff's use of the phrase "prerecorded message" is misleading and improper. Contrary to plaintiff's argument, the *type of message* left is *not* determinative of whether the **_call was made_** with an "artificial or prerecorded voice."

"A call made by an artificial or prerecorded voice has *no potential for a real time voice intercommunication*." *Joffe v. Acacia Mortg. Corp.*, 211 Ariz. 325, 330, 121 P.3d 831, 836 (Ariz. Ct. App. 2005) (emphasis added). In other words, a call made with an "artificial or prerecorded voice" is made with a recording and will not result in speaking with a person. The industry refers to these calls as "blast messages," where a recording is played *even if a person answers the call*. Plaintiff has *not* presented any evidence that the calls at issue were made with "blast messages," nor could he because all of the calls

---

[11] West's interpretation of the consent defense does *not* mean actual recipients of autodialed cell phone calls are without protection. If the person answering the phone call wants the calls to stop, then he should simply ask the person calling to stop. Upon receipt of such a request, the consent tied to the number would be withdrawn and revoked and any future calls to the number would be without consent and subject the person making the call to liability. In other words, under West's interpretation of the consent defense, a debt collector would be required to honor *all* withdrawals and revocations of consent, even if the withdrawal or revocation came from someone other than the intended recipient of the call. West's policy complies with this interpretation. Docket No. 24-4, Exhibit D, J. Jenson Depo., at pp. 35-36, lns. 16-7. Plaintiff admits West has such a policy. Docket No. 29, at p. 4, Response to No. 26.

[12] Docket No. 30, at p. 6.

5

provided for the possibility of "a real time voice intercommunication"—if plaintiff had answered the calls, he would have spoken to an individual collector and no message would have been left.

Further, plaintiff's interpretation of the TCPA would result in double recovery. Under plaintiff's interpretation, he recovers for the call (first recovery) and then again for the message (second recovery). Plaintiff's interpretation is contrary to the statutory language. Again, the TCPA regulates "mak[ing] any call" with (1) an "automatic telephone dialing system," *or* (2) an "artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii). A call cannot be *made* with *both* an "automatic telephone dialing system" and an "artificial or prerecorded voice." The use of the disjunctive "or" in the statute confirms this fact and proves these calling methods are *mutually exclusive*. The Court should deny plaintiff's summary judgment motion and grant West's cross summary judgment motion.

### C. Plaintiff Is Not Entitled To Treble Damages Under The TCPA

West did not violate the TCPA. However, to the extent the Court rules otherwise, plaintiff is not entitled to treble damages. The undisputed record evidence establishes **West never intended to call plaintiff**;[13] therefore, the act of calling, contacting, or reaching plaintiff was neither "willful" nor "knowing." Further, West did not know, or have reason to know, that its conduct would violate the statute. *See Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 899 (W.D. Tex. 2001) ("The Federal Communications

---

[13] Docket No. 24-3, Exhibit C, D. Powell Depo., at p. 13, lns. 4-11; Docket No. 24-4, Exhibit D, J. Jensen Depo., at p. 40, lns. 19-22.

6

Commission has interpreted 'willful or knowing' under the Telecommunications Act (of which the TCPA is a part), as not requiring bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute."); *In re Intercambio*, 3 FCC Rcd. 7247. Finally, this is not an appropriate case for the Court to exercise its discretion and award treble damages. *See Sengenberger v. Credit Control Services, Inc.*, 2010 WL 6373008, *1 (N.D. Ill. 2010) ("The award of treble damages is at the discretion of the court.").

## **CONCLUSION**

Considering the foregoing, the Court should deny plaintiff's Motion for Summary Judgment, grant West's Cross Motion for Summary Judgment, and dismiss plaintiff's TCPA claims with prejudice and at plaintiff's cost.

        Respectfully submitted,

        /s/ James K. Schultz
        Attorney for West Asset Management, Inc.

James K. Schultz
Nicole M. Barrett
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe St., Suite 1120
Chicago, IL 60603
Telephone: 312-578-0990
Facsimile: 312-578-0991
jschultz@sessions-law.biz
nbarrett@sessions-law.biz

Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3850 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737
bshartle@sessions-law.biz

Attorneys for West Asset Management, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on December 29, 2011, a copy of the foregoing **Defendant's Reply in Support of Cross Motion for Summary Judgment** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel, as described below. Parties may access this filing through the Court's system.

> Alexander H. Burke
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
> Telephone: 312-729-5288
> Facsimile: 312-729-5289
> aburke@burkelawllc.com

/s/ James K. Schultz
Attorney for West Asset Management, Inc.

\\sfnfs02\prolawdocs\7989\7989-26935\Powell, Dominginho\641747.doc